UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK VANDEVENTER, ET AL, | No. 2:16-cv-0382-MCE-KJN |
| Plaintiffs, | |
| v. | |
| KENNY CURTZWILER, ET AL, | ORDER |
| Defendants. | |

Plaintiffs Clark Vandeventer and Monica Vandeventer, who are married to one another, have requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 6.)[1] On February 24, 2016, the presiding district court judge referred this matter to the undersigned for the express purpose of addressing these applications only. (ECF No. 5.)

---

[1] On February 22, 2016, Clark and Monica Vandeventer filed applications to proceed *in forma pauperis*. (ECF No. 4.) They subsequently amended their applications on March 3, 2016. (ECF No. 6.) It appears that the only difference between the original applications and the amended applications are that the documents attached to the amended applications have been redacted to conceal certain personal identifying information. (Compare ECF No. 4 with ECF No. 6.) It appears that there has been no motion to seal or redact the same documents attached to the original applications, which are still filed in the publicly available docket in this matter. While the court cannot *sua sponte* redact or seal any filings, plaintiffs may file a motion requesting such relief. See E.D. Cal. Local Rules 140, 141.

1

Plaintiff Clark Vandeventer's declaration and attachments in support of his application to proceed *in forma pauperis* states that he is employed by Leadership Care Services and earns wages of $5,417.00 per month. (ECF No. 6 at 3-4.) Plaintiff Monica Vandeventer's declaration and attachments in support of her application to proceed *in forma pauperis* states that she is employed by Montie Wayne Sheet Metal Inc. and earns wages of $1020.00 per month. (ECF No. 6 at 1-2.) Additionally, plaintiffs provide in their attachments that they have two additional sources of income for an additional $520.00 per month. (ECF No 6-1 at 1.) Based on these representations, the plaintiffs have a gross annual income of $83,484.00.[2] Plaintiffs have three minor dependents. (ECF No. 6 at 2, 4.)

According to the United States Department of Health and Human Services, the poverty guideline for a household of 5 people not residing in Alaska or Hawaii is $28,440 for 2016. See https://federalregister.gov/a/2016-01450. Thus, with a stated annual gross income of approximately $83,484.00, plaintiffs' income is more than 290% of the 2016 poverty guideline. To be sure, plaintiffs' applications demonstrate that they have various monthly expenditures, both personal and business, as well as significant debts. (ECF No. 6-1 at 1.) However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Indeed plaintiffs' own monthly budget indicates a surplus which would meet the filing fee after a number of months without any changes to the plaintiffs' current expenditures. (Id.) Such difficulties in themselves simply do not amount to indigency.

Presently, a filing fee of $400 is required to commence a civil action in this court. The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. §

---

[2] Plaintiffs represent that they are spouses, have filed joint tax returns, and both provide full support for their three minor children. (ECF Nos. 6 at 2, 4; 6-1 at 1, 13-20.) Furthermore, the attachments in support of their applications indicate that plaintiffs largely consider their incomes and expenses to be joint in nature. (See id.) Based on these representations, the court considers plaintiffs' applications based on their joint assets and liabilities.

1915(a)(1).  Here, while the court is sympathetic to the fact that plaintiffs have other expenses to pay, plaintiffs' declaration nonetheless shows that they earn $83,484.00 per year—over 290% of the 2016 poverty guideline.  Thus, plaintiffs have made an inadequate showing of indigency.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' applications to proceed *in forma pauperis* (ECF No. 6) are denied without prejudice.
2. Within 28 days of this order, plaintiffs shall pay the applicable filing fee or file an amended application demonstrating their entitlement to proceed *in forma pauperis* if they can do so in good faith in light of the court's above observations.
3. Plaintiffs' failure to pay the filing fee or file an amended application by the above deadline will result in a recommendation that plaintiffs' complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).
4. This matter is referred back to the presiding district judge for further proceedings consistent with the Federal Rules of Civil Procedure and this court's Local Rules.

IT IS SO ORDERED.

Dated:  March 4, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE